UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00131-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DEFENDANT'S STATEMENT IN |
| | ) | SUPPORT OF STIPULATED JUDICIAL |
| v. | ) | ORDER OF REMOVAL |
| | ) | |
| RAMON ESTEBAN PAEZ-JEREZ | ) | |

Ramon Esteban Paez-Jerez, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Ramon Esteban Paez-Jerez.

2. I received from the United States a Notice of Intent to Request Judicial Order of Removal ("Notice"). I am the person identified in that document and I waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received from the United States the Application for, and Factual Allegations in Support of, Stipulated Judicial Order of Removal. I waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the Factual Allegations in Support of Stipulated Judicial Order of Removal ("Allegations") served 30 days prior to sentencing. I admit that all of the factual allegations set forth in the Allegations are true and correct as written.

1

4. My rights in a judicial removal proceeding have been fully explained to me by my attorneys James Brad Polk and Raymond C. Tarlton. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge any order of removal, including a stipulated judicial order of removal.

5. I understand and knowingly waive my right to a hearing before an immigration judge or any other authority under the INA on the question of my removability from the United States. I further understand the rights I would possess in a contested administrative proceeding and waive these rights, including my right to examine the evidence against me, to present evidence on my behalf, and to cross-examine the witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

6. I concede that I am removable from the United States, pursuant to 8 U.S.C. § 1227(a)(1)(A), as an alien who is present in the United States in violation of this chapter or any other law of the United States, or who was inadmissible at the time of entry or adjustment of status, pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) as an alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has procured) a visa, other documentation, or admission into the United States and, pursuant to 8 U.S.C. § 1227(a)(6)(A), as an alien who has voted in violation of any Federal, State, or local constitutional provision, stature, ordinance, or regulation.

2

7. I waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. § 1182(h) and (i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I acknowledge that I have not been persecuted in, and have no present fear of persecution in the Dominican Republic, the country of my nativity and citizenship, on account of my race, religion, nationality, membership in a particular social group, or political opinion. I further acknowledge that I have not been tortured in, and have no present fear of torture in the Dominican Republic.

9. I agree to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Sections 1228(c)(5) and 1227. I hereby request that an order be issued by this Court for my removal to the Dominican Republic. I agree to accept a written order of removal as a final disposition of these proceedings and waive any and all rights to challenge any provision of this

3

agreement in any United States or foreign court or tribunal. I hereby further agree to make the judicial order of removal a public document, waiving my privacy rights, including my privacy rights under 8 C.F.R. § 208.6. I understand that at the request of the United States Attorney's Office for the Eastern District of North Carolina, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above-referenced order, upon the completion of my criminal proceedings, including any sentence of incarceration and any court-imposed supervision, I shall be removed to the Dominican Republic.

10. I agree to assist ICE in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel or other documents necessary for my removal; to meet with and to cooperate with representatives of the country or countries to which my removal is directed or to which I may by statute be removed if ICE so requests; and to execute those forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of his removal may subject me to criminal penalties under Title 8, United States Code, Section 1253.

11. I concede that the entry of a judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I consent to the introduction of this statement as an exhibit to be filed

4

in connection with these judicial removal proceedings.

13. I will accept a written order issued by this Court for my removal from the United States to the Dominican Republic, and I waive any and all rights to challenge any provision of this statement in any U.S. or foreign court or tribunal.

This statement has been read to me in Spanish, the language I understand best, and I have carefully discussed every part of it with my attorneys. I understand every term of this statement, and I voluntarily agree to those terms.

_____
RAMON ESTEBAN PAEZ-JEREZ
Defendant

1-18-17
_____
Date

We, James B. Polk and Raymond C. Tarlton, are Ramon Paez-Jerez's attorneys. We have carefully discussed this statement with our client. To the best of our knowledge, our client's decision to make this statement is an informed and voluntary one.

_____
JAMES BRAD POLK
Attorney for Defendant

for Raymond Tarlton
_____
RAYMOND C. TARLTON
Attorney for Defendant

1-18-19
_____
Date

1-18-19
_____
Date

5